# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

WILLIAM ZANOTTI,

                Plaintiff,

v.                                         **Case No. 16-cv-814-pp**

RICH ZIMKIEWICZ,
CORINA LUTZ-DAUL,
CHARISSA DOOLITTLE, and
DR. MICHELLE ANDRADE,

                Defendants.

---

## DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING HIS COMPLAINT

---

The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights while he was housed at the Wisconsin Resource Center. Dkt. No. 1. He also has filed a motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2). The court will grant the motion to proceed without prepaying the filing fee, and will screen the complaint.

**I.    Motion for Leave to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee, as long as he meets certain conditions. On June 27, 2016, the plaintiff filed a motion for leave to

1

proceed without prepayment of the filing fee (Dkt. No. 2). On June 28, 2016, Magistrate Judge William Duffin (the presiding judge at that time) ordered the plaintiff to pay an initial partial filing fee of $14.93. Dkt. No. 5. The plaintiff paid the initial partial filing fee on July 18, 2016. Because the plaintiff has paid the initial partial filing fee, the court will grant his motion, and will allow the plaintiff to pay the remainder of the fee over time as explained at the end of this decision.

## II.     Screening the Plaintiff's Complaint

### A.     Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic

2

recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. Erickson v.

3

Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  Facts Alleged in the Complaint

The plaintiff alleges that in November 2015, he refused to take the medication Geodon. Dkt. No. 1 at 2. Geodon (generic name ziprasidone) is an antipsychotic medication that is used to treat schizophrenia and the manic symptoms of bipolar disorder. See www.drugs.com/geodon.html (last visited July 19, 2016). The plaintiff states that Dr. Michelle Andrade ordered an injection of Geodon to be forcefully administered in the event he refused to voluntarily take the medication. Dkt. No. 1 at 2-3.

The plaintiff states that RN Charissa Doolittle claimed that she had a court order giving her the right to extract the plaintiff from his cell and forcefully administer the drug. Id. at 3. The plaintiff explains that at the time of his refusal, a judge recently had ordered only that he take his medication, but had "purposefully withheld" an order requiring the medication to be involuntarily administered should he refuse. Id. at 2, 4. The plaintiff states that the staff at the Wisconsin Resource Center knew the contents of the court order. Id. at 4. When the plaintiff demanded to see the court order, Doolittle presented a "crumpled up piece of scrap paper from the trash." Id. at 3. The plaintiff states that PCS Rich Zimkiewicz observed this incident unfold and "vowed to have [the plaintiff] forcefully medicated if [he] did not submit" even though he knew no court order existed. Id. at 3, 4.

4

The plaintiff states that he wrote a Health Service Request, documenting that he was taking the Geodon under protest to avoid the physical harm that might occur during a cell extraction. Id. at 3. The plaintiff states that RN Corina Lutz-Daul then brought him the pills to take. Id.

The plaintiff explains that at the time of his refusal he was not acting in any way that indicated he was a risk to himself or others. Id. at 4. He refused to take the medication because he wanted to avoid the side effects, "which left him in a miserable state" and caused him to suffer greatly. Id.

The plaintiff states that a complaint examiner affirmed his complaint but offered no redress. Id. at 3. He also states that he fully exhausted his administrative remedies before filing this lawsuit. Id.

    C.    Legal Analysis of Alleged Facts

The U.S. Supreme Court has

> emphasized several aspects of an inmate's right to refuse drug treatment. First, to administer involuntary treatment the state must find that medication is in the prisoner's medical interest (independent of institutional concerns). Second, the tribunal or panel that reviews a treating physician's decision to prescribe forced medication must exercise impartial and independent judgment, taking account of the inmate's best interests. Third, the prisoner must be able to argue capably before a review tribunal that he does not need forced medication. If the state failed to meet these requirements in a particular case, the prisoner could argue that he was denied [due process].

Sullivan v. Flannigan, 8 F.3d 591, 598 (7th Cir. 1993) (citing Washington v. Harper, 494 U.S. 210, 227-233 (1990)) (internal citations omitted); Fuller v. Dillon, 236 F.3d 876, 880-82 (7th Cir. 2001).

5

It is unclear from the plaintiff's complaint whether the defendants satisfied the requirements the U.S. Supreme Court detailed in Harper before they forced him to take Geodon. The plaintiff has, however, at the pleading stage, alleged sufficient facts to allow him to proceed on his claim that the defendants violated his right to due process when they forced him to take medication that he stated he had refused take.[1]

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2).

The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $335.07 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary or his designee shall clearly identify these payments by the case name and number.

The court **ALLOWS** the plaintiff to proceed on a Fourteenth Amendment due process claim against Rich Zimkiewicz, Corina Lutz-Daul, Charissa Doolittle, and Dr. Michelle Andrade.

---

[1] The plaintiff argues that the defendants violated both his Eighth and Fourteenth Amendment rights. However, the allegations in the plaintiff's complaint are best analyzed under the Fourteenth Amendment. See Harper, 494 U.S. at 221-22 (holding that prison inmates have a liberty interest in refusing drug treatment that is protected under the due process clause of the Fourteenth Amendment).

The court **ORDERS** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Rich Zimkiewicz, Corina Lutz-Daul, Charissa Doolittle, and Dr. Michelle Andrade.

The court also **ORDERS** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Rich Zimkiewicz, Corina Lutz-Daul, Charissa Doolittle, and Dr. Michelle Andrade shall file a responsive pleading to the complaint within **sixty (60) days** of receiving electronic notice of this order.

The court further **ORDERS** the plaintiff to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. Because the clerk will electronically scan and enter on the docket each document upon receipt, the plaintiff need not mail copies to the defendants. The clerk will serve all defendants electronically through the court's electronic case filing system. The plaintiff should retain a personal copy of each document filed with the court.

The court advises the plaintiff that if he does not timely file documents, the court may dismiss his case for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 19th day of July, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge