UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM ZANOTTI,

           Plaintiff,

v.                                                Case No. 16-cv-814-pp

RICH ZIMKIEWICZ,
CORINA LUTZ-DAUL,
CHARISSA DOOLITTLE, and
DR. MICHELLE ANDRADE,

           Defendants.

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION (DKT. NO. 11)**

On July 19, 2016, the court issued an order screening the plaintiff's complaint, and allowing him to proceed on a Fourteenth Amendment due process claim against the defendants. Dkt. No. 9 at 6. Specifically, the plaintiff alleges that the defendants forced him to take the drug Geodon despite his refusal of the medication. Id. at 4-5.

On July 28, 2016, the plaintiff filed a motion for temporary injunction. Dkt No. 11. He asks the court to enjoin "all staff" at the Wisconsin Resource Center, where he is housed, "from prohibiting inmates at the Wisconsin Resource from enlisting 'jailhouse lawyers' in civil rights cases." Id. at 1. He asks the court to order Kieth Frye (who is not a defendant in this case) to "eliminate his new rule which prohibits inmates from helping other inmates with 'new' civil rights cases." Id. at 1-2. The plaintiff alleges that this rule

1

prevents inmates whose civil rights are being violated from getting help from other inmates (thus denying them access to the courts), and that it also violates the First Amendment rights of inmates to help other inmates, "since the help is a form of political expression meant to effect change in the prison." Id. at 2.

To obtain preliminary injunctive relief . . . [a] plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Hashim v. Hamblin, Case No. 14-cv-1265-LA, 2015 WL 1840434, at *3 (E.D. Wis. April 22, 2016). The "underlying case" in this lawsuit involves the allegations that the defendants forced the plaintiff to take Geodon against his will. The injunctive relief that the plaintiff seeks is not related to that "underlying case"—it relates to allegations that the WRC has a rule which prohibits inmates from assisting other inmates with new civil rights complaints. Thus, the court cannot, in this case, grant the plaintiff the injunctive relief he seeks. See Hashim v. Hamblin, Case No. 14-cv-1265, 2016 WL 297465 at *4 (E.D. Wis. January 22, 2016) ("Plaintiff's requests for injunctive relief are not connected to the claims he is proceeding on in this case. He may not seek relief in connection with these claims in this lawsuit.") (citations omitted). If the plaintiff believes that he has claims against people at the Wisconsin Resource Center relating to rules governing inmates helping other inmates with lawsuits, he may raise those claims in a separate lawsuit. See Hashim, 2015 WL 1840434 at *3

2

(quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.")

The court **DENIES** the plaintiff's motion for temporary injunction. Dkt. No. 11.

Dated in Milwaukee, Wisconsin this 2nd day of August, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

3

Case 2:16-cv-00814-PP   Filed 08/03/16   Page 3 of 3   Document 15