## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**WILLIAM ZANOTTI**,

                Plaintiff,

  v.                                **Case No. 16-cv-814-pp**

**RICH ZIMKIEWICZ,**
**CORINA LUTZ-DAUL,**
**CHARISSA DOOLITTLE, and**
**DR. MICHELLE ANDRADE,**

                Defendants.

---

## DECISION AND ORDER DENYING THE PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT (DKT NO. 19)

---

The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights while he was housed at the Wisconsin Resource Center. Dkt. No. 1. On July 19, 2016, the court allowed the plaintiff to proceed on a Fourteenth Amendment claim against the defendants, based on his allegations that the defendants forced him to take medication against his will. Dkt. No. 9.

On August 24, 2016, the plaintiff filed a motion to amend his complaint. Dkt. No. 19. He attached the proposed amended complaint to the motion. Dkt. No. 19-1. The plaintiff did not revise or substantively add to the factual allegations in the original complaint (he added a few immaterial factual details). Instead, he asserted that, in addition to his Fourteenth Amendment claim, the court should allow him to proceed on a claim under the Eighth Amendment. Indeed, the first sentence of the motion says that, "[a]fter further review,

1

Plaintiff feels that additional violations, from the same set of circumstances, should be raised." Dkt. No. 19 at 1. In the proposed amended complaint, he alleges that the defendants threatened to use force if he did not take the medication voluntarily, and he states that such threats violated his right to be free from cruel and unusual punishment (he also alleges that their actions constituted crimes; only the government may prosecute criminal offenses). Dkt. No. 19-1 at 8.

Federal Rule of Civil Procedure 15(a) requires courts to liberally grant requests to amend pleadings. The Supreme Court has explained, however, that a court does not have to grant a request to amend when doing so would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). The court will not allow a plaintiff to amend his complaint if the court concludes that the new claim the plaintiff wants to bring has no merit; allowing a party to amend a complaint with a meritless claim would waste the court's and parties' time and resources. That is the situation here, and thus the court will deny the plaintiff's motion.

The plaintiff actually argued in his original complaint that the defendants had violated his rights under both the Fourteenth and the Eighth Amendments. The court deliberately allowed him to proceed only on his Fourteenth Amendment claim. The court explained in its July 19, 2016 screening order that the plaintiff's claim was best analyzed under the Fourteenth Amendment, not the Eighth Amendment, because refusing drug treatment implicates an inmates liberty interest, and that liberty interest comes from the Fourteenth Amendment. Dkt. No. 9 at 6, n. 1. The court understands

the plaintiff's allegation that the defendants verbally threatened to use force against the plaintiff if he did not comply with their orders, but "[a]llegations of verbal abuse or threats state no Eighth Amendment claim . . . ." Perez v. Corcoron, Case No. 06-C-35, 2006 WL 905909 at *2 (N.D. Ind. April 5, 2006) (citing Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987); Pride v. Holden, 1 F.3d 1244 (Table), 1993 WL 299328 at *2 (7th Cir. Aug. 2, 1993) (unpublished) ("Although indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional violation cognizable under § 1983.") (citations omitted).

The court did not allow the plaintiff to proceed on his Eighth Amendment claim in the first place because denial of liberty to refuse treatment is a Fourteenth Amendment claim. The plaintiff's motion to amend is really a request for the court to reconsider its refusal to allow him to proceed under the Eighth Amendment. The court has no reason to reconsider that decision, because the plaintiff still has not stated an Eighth Amendment claim.

The court **DENIES** the plaintiff's motion to amend his complaint (Dkt. No. 19).

Dated in Milwaukee, Wisconsin this 19th day of September, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge